***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except for minor modifications. Accordingly, the Full Commission modifies and affirms the Opinion and Award of Deputy Commissioner Glenn.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties through the Pre-trial Agreement and at the hearing as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between Joan Fabrics and plaintiff at all relevant times herein.
3. Joan Fabrics was an approved self-insured with Hewitt, Coleman 
Associates acting as it servicing agent at all relevant times herein.
4. Plaintiff's average weekly wage will be determined from a Form 22 to be provided by Joan Fabrics or from the evidence at the hearing before the Deputy Commissioner.
5. The issues to be determined from this hearing before the Deputy Commissioner are as follows:
 a) Whether plaintiff sustained an injury by accident while in the course and scope of the employment with Joan Fabrics.
 b) If so, what, if any, benefits is he entitled to recover under the Workers' Compensation Act.
 ***********
The Pretrial Agreement and all stipulations are hereby incorporated herein as though they were fully set out.
 ***********
Based upon all of the competent evidence of record and reasonable inferences therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. A the time of the hearing before the Deputy Commissioner, plaintiff was 41 years old. He had not completed the 10th grade. Plaintiff had injured his back in 1993 and 1996 but had been working since those injuries for defendant in his regular position without any problems from his back.
2. Plaintiff began working for Joan Fabrics on October 2, 1995 as a coater associate. In this position, plaintiff was required to apply rubber coating to woven upholstery fabric, to operate a range of units consisting of troughs, pick-up rollers, a curing oven and tenter frames, to operate a tugger moving barrels of latex weighing up to 500 pounds each, moving barrels of dye without assistance that weigh up to 300 pounds each, and lifting and carrying pallets weighing up to 65 pounds in addition to other duties.
3. Prior to plaintiff's being hired, Joan Fabrics placed him through an extensive physical capacities screening to make sure he was able to perform the physically demanding job for which he was applying.
4. On December 2, 1998, plaintiff was using the tugger to move a heavy T-Frame into a trailer. The tugger brakes failed, causing plaintiff to hit his left hip on another piece of equipment. He was then thrown off the tugger, landing on his back. Plaintiff immediately reported the incident to his supervisor, Wayne Price. Price helped plaintiff get the tugger out of the trailer. Price told plaintiff to continue to work and see how his back and hip felt. Plaintiff completed his shift and worked the next day in pain. He was scheduled to be off December 4th through the 6th, and plaintiff believed that his back would mend during this period of repose. The failure of the tugger brakes and its consequences constituted an injury by accident.
5. Plaintiff did not improve and went to see Dr. Michael Lewis, his family physician, on December 9, 1998. Dr. Lewis noted that plaintiff had hurt his left hip and back in an accident at work. Dr. Lewis initially felt that plaintiff had sustained a back strain/sprain, took plaintiff out of work and treated his condition conservatively. When plaintiff's condition did not improve, Dr. Lewis ordered an MRI. The MRI revealed a left paracentral disc herniation at L-5/S-1. Dr. Lewis referred plaintiff to Dr. Scott McCloskey.
6. Dr. McCloskey diagnosed plaintiff's condition as a herniated disc and determined that surgery was needed to correct the condition. Dr. McCloskey performed surgery on February 4, 1999. Plaintiff responded favorably and was released to return back to light duty on or about April 14, 1999. Plaintiff was not able to perform his job and was taken back out of work on May 10, 1999 through May 26, 1999. Thereafter Dr. McCloskey restricted plaintiff from lifting more than 50 pounds and allowed plaintiff to return to part-time duty. When plaintiff returned to work he performed tasks that were beyond his restrictions, causing increased pain and other difficulties.
7. Dr. McCloskey determined, and the Full Commission finds as fact, that plaintiff had a 50% percent permanent partial disability to his back as a direct result of his injury by accident and that plaintiff will not be able to return to his job with Joan Fabrics. During his deposition Dr. McCloskey was provided for the first time a description of plaintiff's job requirements, at which point Dr. McCloskey noted, and the Full Commission finds as fact, that plaintiff had not been able to perform that position since his release to return to work following his surgery. Dr. McCloskey also noted, and the Full Commission finds as fact, that plaintiff was in need of medical treatment and this requirement would continue into the future.
8. Prior to his injury by accident, plaintiff also worked regularly as a contract painter in addition to working for Joan Fabrics. Plaintiff would mainly get the paint jobs and oversee others he had employed to complete the jobs. Since his injury, plaintiff has been unable to obtain any additional contracts to do any paint work. Defendant offered no evidence as to whether plaintiff was able to obtain any additional contracts to do painting work.
9. Plaintiff's average weekly wage at the time of his injury by accident was $565.75, yielding a compensation rate of $377.19 per week.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident while in the course and scope of employment with Joan Fabrics on or about December 2, 1998 when the brakes on his tugger failed. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to receive disability benefits for the periods he was out of work as a result of the injuries he sustained. N.C. Gen. Stat. § 97-2(9).
3. Plaintiff's average weekly wage at the time of injury by accident was $565.74, yielding a compensation rate of $377.19.
4. Plaintiff is entitled to receive medical benefits for so long as they continue to effect a cure, give relief and/or lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
5. Plaintiff has sustained 50% permanent partial disability to the back as a direct result of the injury by accident and is entitled to recover compensation for the same.
 ***********
Considering the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. Subject to the attorney's fees approved hereinafter, defendant shall pay to plaintiff total disability benefits at the rate of $377.19 per week beginning December 9, 1998 and continuing through April 26, 1999, from May 10, 1999 through May 26, 1999 and continuing through the date of the hearing before the Deputy Commissioner and thereafter until plaintiff has returned to work earning the same or greater wages as plaintiff was earning at the time of injury by accident or further orders of the Industrial Commission. All sums that have accrued shall be paid in one lump sum.
2. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability. Defendant shall continue to pay for medical treatment for so long as plaintiff's treating physician reasonably determines treatment is needed for his compensable condition.
3. Defendant shall pay directly to plaintiff's counsel as reasonable attorney fees 25% of the compensation due plaintiff. After the lump sum has been paid, defendant shall pay every fourth compensation check directly to plaintiff's counsel as reasonable attorney fees.
4. Defendant shall pay the costs of this action.
This 15th day of July 2002.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER